

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED
THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed December 26, 2017**

**United States Bankruptcy Judge**

___

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| Robert Lee Haynes and | § | |
| Priscilla Smith Haynes, | § | Case No. 17-70113-hdh13 |
| | § | |
| Debtors. | § | |
| | § | |

## MEMORANDUM OPINION

The Court is called on to determine how many firearms joint debtors in a bankruptcy case may claim as exempt in accordance with the Texas Property Code. Robert Lee Haynes and Priscilla Smith Haynes (the "Debtors") filed for bankruptcy as joint debtors and claimed four firearms as exempt personal property. Texas Property Code section 42.002(a)(7) generally allows a debtor to claim two firearms as exempt, but the Debtors reasoned that since there were two debtors in this joint case, they should be allowed to claim four firearms as exempt. The Standing Chapter 13 Trustee (the "Trustee") objected, taking the position that the Debtors' married status was not relevant to the determination of how many firearms a debtor, or in this case debtors, may exempt. Section 42.002(a)(7), according to the Trustee, mandated that the permissible number of exemptible firearms is always two.

**I. Relevant Factual Background**

On April 25, 2017, the Debtors jointly filed a voluntary petition for Chapter 13 bankruptcy [Docket No. 1] (the "Voluntary Petition"). In Schedule C of the Voluntary Petition, the Debtors claimed four firearms as exempt under Texas Property Code sections 42.001(a)(1), 42.001(a)(2), and 42.002(a)(7).[1]

On July 11, 2017, the Trustee filed an *Objection to Debtors' Claim of Exemption*[2] in which the Trustee objected to the number of firearms claimed as exempt personal property.[3] Citing to section 42.002(a)(7), the Trustee argued that only two firearms could be claimed as exempt and the Debtors' joint filing was not relevant to the number of exempt firearms permitted under the Texas Property Code. In the *Response to Trustee's Objection to Debtors' Claim of Exemption*,[4] the Debtors argued that if a single debtor is allowed to claim two firearms as exempt, logic dictates that two debtors may claim up to four firearms as exempt. To them, the Trustee's interpretation of the statute would result in "Texas law punishing married couples."

The Court held a hearing on August 16, 2017, and the matter was taken under advisement. On August 28, 2017, the Court entered the *Order Sustaining Trustee's Objection to Exemption*,[5] concluding that the Debtors may only claim two firearms as exempt under the Texas Property Code and reserving the right to issue an opinion at a later date.

---

[1] The firearms claimed as exempt in Schedule C: (1) Pellet Gun; (2) Kel Tech 22 Magnum Semi Automatic Pistol; (3) Smith & Wesson 9 mm Semi Automatic; and (4) Hawkins Percussion, Black-Powder Rifle.

[2] Docket No. 21.

[3] The Court notes that in the objection, the Trustee misstated that the Debtors were claiming three firearms as exempt. Schedule C of the Voluntary Petition lists four firearms claimed as exempt under section 42.002(a)(7).

[4] Docket No. 24.

[5] Docket No. 32.

2

## II. Legal Analysis

The question presented is whether the Texas Property Code, specifically section 42.002(a)(7) in conjunction with sections 42.001(a)(1) and (a)(2), should be interpreted to allow debtors to only claim two firearms as exempt in all cases or to allow joint debtors the opportunity to double the allowance and exempt up to four firearms.

Chapter 42 of the Texas Property Code governs Texas personal property exemptions. Section 42.001(a) states:

> Personal property, as described in Section 42.002, is exempt from garnishment, attachment, execution, or other seizure if:
>
> (1) the property is provided for a family and has an aggregate fair market value of not more than $100,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property; or
>
> (2) the property is owned by a single adult, who is not a member of a family, and has an aggregate fair market value of not more than $50,000, exclusive of the amount of any liens, security interests, or other charges encumbering the property.

Section 42.002, in turn, lists personal property that may be exempt, including, in subsection (a)(7), "two firearms." Section 42.002(a)(7) does not state whether the prescribed limit on the number of exempt firearms is the same for a single debtor and a married couple, but other provisions of the exemption statute show that the list provided in section 42.002 should not be doubled for a married couple.

Most significantly, section 42.001 is clearly designed to be applied to both individual debtors and joint debtors rather than always on a per-debtor basis, and both sections 42.001 and 42.002 state when exemptions should be adjusted based on the number of people to whom it is being applied. Specifically, section 42.001 is subject to statutory caps on the aggregate monetary value of personal property that may be claimed as exempt, and the amount of the cap is different for a "family" and a "single adult, who is not a member of a family." In addition, most of the

personal property listed in section 42.002(a) that may be exempt is listed in categories rather than specific numbers of items,[6] but three of the subsections of section 42.002(a) give specific numbers of items that may be claimed as exempt. Subsection (a)(7) limits exemptions to two firearms, and subsection (a)(10) limits exemptions to a particular number of horses, mules, donkeys, cattle, livestock, and fowl. Subsection (a)(9) allows a specific number of motor vehicles, but crucially, makes this provision for "each member of a family or single adult who holds a driver's license." The Texas legislature knew how to increase the number of exempt items for spouses or a household, as it did in section 42.002(a)(9), but it did not do so in section 42.002(a)(7) in which it merely provided for "two firearms." The list of personal property in section 42.002 that may be exempt is exclusive. If the personal property does not fit into one of the enumerated categories of sections 42.001 or 42.002, it is not exemptible personal property.

Although the issue presented—the permissible number of exemptible firearms for joint debtors—seems to be an issue of first impression, this Court gleaned some guidance from other cases. The Court in *In re Wilkinson* did not address this issue expressly, but did address it by implication. 402 B.R. 756 (Bankr. W.D. Tex. 2009). In *Wilkinson*, the Court had to determine if the term "firearm" in the Texas Property Code included 18 antique guns that had been mounted and hung on walls for display, and consequently claimed as "home furnishings, including heirlooms." In holding that these antique guns, in light of common usage and the dictionary definition of the term "firearm," were "firearms" as understood in the Texas Property Code, the Court allowed joint debtors to claim the firearms as exempt under sections 42.001(a) and 42.002(a)(7) but limited the exemption to only include two of the firearms.

---

[6] *See, e.g.*, Tex. Prop. Code § 42.002(a)(1) ("home furnishings, including family heirlooms"); Tex. Prop. Code § 42.002(a)(2) ("provisions for consumption"); Tex. Prop. Code § 42.002(a)(3) ("farming or ranching vehicles and implements"); Tex. Prop. Code § 42.002(a)(4) ("tools, equipment, books, and apparatus, including boats and motor vehicles used in a trade or profession").

The court's analysis in *Wilkinson* specifically addressed the legislative intent behind the firearm exemption statute and delved into the changes to the exemption through the years, particularly focusing on the number of firearms that could be claimed as exempt. It noted that the firearm exemption did not show up on the list of exemptible personal property until the Act of 1870, at which time only "one gun" was explicitly protected from forced sale. *Id.* at 764. In 1973, Texas changed the language of the statute to allow a debtor to exempt "two firearms," as opposed to "one gun." *Id.* at 765. In noting the change to "two firearms," the court in *Wilkinson* referred to a prior ruling, *In re Schwarzbach*, and its holding that a single individual was not allowed to exempt more than two firearms. *Id.* at 766 (referring to *In re Schwarzbach*, 1989 WL 360742, at *4 (W.D. Tex. May 22, 1989)). The court in *Schwarzbach*, reflecting on the change from one gun to two firearms, reasoned that additional firearms could not qualify under other categories of exempt personal property because doing so would eviscerate the numerical limitation imposed by the statute, and a statute should be read to give effect to all of its provisions.[7] In light of *Schwarzbach* and its reasoning, the court in *Wilkinson* proclaimed that "[i]f debtors in Texas are to be permitted to claim more than two firearms as exempt, it will be up to the Texas Legislature to amend section 42.002(a)(7) to so provide." *In re Wilkinson*, 402 B.R. at 766.

The court ultimately held against the Wilkinsons, who were joint debtors (like the instant Debtors). *Id.* at 767. In so doing, the court only allowed the Wilkinsons to exempt two firearms in accordance with section 42.002(a)(7). *Id.* Any other reading of the statute would have undermined the legislature's policy decision to specifically allow Texans to exempt only two firearms. *Id.*

---

[7] *See Schwarzbach*, 1989 WL 360742, at *4 ("If we allowed the debtor to use the more general category of sporting and athletic equipment for a 'flow-over,' the numerical limitation on guns would be eviscerated, rendering the 'two firearms' category essentially meaningless.").

The issue before this Court involves interpretation and construction of a Texas statute, and thus, this Court must apply a statutory analysis that a Texas court would. *LaSalle Bank Nat'l Assoc. v. Sleutel*, 289 F.3d 837, 839 (5th Cir. 2002). In Texas, courts construe statutes by first looking to the plain and common meaning of the statute's words, and if the meaning of the statutory language is unambiguous, adopting, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865 (Tex. 1999). However, when interpreting statutes, courts in Texas also try to give effect to legislative intent. *Id.* In this case, both the plain language of the statute and the legislative intent yield the same result. The statute does not say "three firearms," nor does it have a catchall provisions that firearms could fall into.[8] And nowhere in the statute does it allow joint debtors to double their firearm exemptions as the statute does for other types of exemptions. The Texas legislature purposely amended the statute to read "two firearms." If they intended for exemptions to extend beyond two firearms, they would have explicitly stated so in either section 42.001 or 42.002 as they did for other types of personal property.

### III. Conclusion

The saying goes "don't mess with Texas." This is particularly true in the area of gun ownership. However, it seems to the undersigned that poking the bear is necessary. For the foregoing reasons, it is this Court's opinion that the best construction of the Texas Property Code dictates that joint debtors in a bankruptcy case may only claim two firearms as exempt in accordance with the Texas Property Code.

### End of Opinion ###

---

[8] *See Schwarzbach*, 1989 WL 360742, at *4 (noting that firearms could not fall into another category of exemptible personal property because that would circumvent the legislature's express limitation).